IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN BLACKWELL, | CV-18-00013-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CASCADE COUNTY, SHERIFF BOB EDWARDS, CASCADE COUNTY CORRECTIONAL FACILITY, and COMMANDER O'FALLON, | |
| Defendants. | |

Plaintiff Brian Blackwell filed a Complaint pursuant to 42 U.S.C. § 1983 alleging his conditions of confinement at the Cascade County Detention Facility violated his constitutional rights. Mr. Blackwell claims of failure to protect, denial of access to the courts, and claims regarding housing state prisoners with federal prisoners and the Cascade County Correctional Facility will be recommended for dismissal. Defendants Cascade County, Sheriff Bob Edwards, and Commander O'Fallon will be required to respond to Mr. Blackwell's conditions of confinement claims including overcrowding, lack of heat, exposure to communicable diseases and black mold.

# I. STATEMENT OF THE CASE

## A.    Parties

Mr. Blackwell is a federal prisoner proceeding without counsel and in forma pauperis.  He plead guilty to failure to register as a sex offender in this Court on December 12, 2017.  *United States v. Blackwell*, Criminal Action No. 17-00013-H-CCL, (Doc. 22.)  He was sentenced on April 5, 2018.  *Id.* at (Doc. 30).  He is currently incarcerated at FCI Sheridan in Oregon.  He was incarcerated at the Cascade County Detention Center at all times relevant to his Complaint. (Complaint, Doc. 2.)

Mr. Blackwell names the following Defendants:  Cascade County, Cascade County Correctional Facility, Sheriff Bob Edwards, and Commander O'Fallon. (Doc. 2 at 5.)

## B.  Allegations

Mr. Blackwell was housed at the Cascade County Detention Facility from September 29, 2017 to October 6, 2017 and from December 6, 2017 to January 4, 2018.  (Complaint, Doc. 2 at 6.)  While there he claims he was forced to live in substandard living conditions including: (1) sleeping on the floor because he was the third inmate in a cell designed for two inmates; (2) being forced to live with inmates with HIV, MERSA, Hepatitis, and other communicable diseases; (3)

2

being held in areas where there was black mold growing on the walls; (4) and living in cold temperatures because the windows had holes in them allowing ice cold air and snow to blow in and form icicles on the walls of his cell.  He states the guards refused to give out extra blankets and the inmates barely got enough heat to keep from getting frost bite.

He also complains that he was housed with state inmates which he alleges violates Bureau of Prison policies and that on December 24, 2017, he was assaulted by a state inmate.  He contends that Joshua Racki, Chief Law Enforcement Official for Cascade County stated he would take full responsibility for all federal inmates housed at CCDC.  (Doc. 2-1.)

In his supplement to the Complaint, Mr. Blackwell also alleges he was denied access to the courts to properly defend himself in his current claims against Defendants.  He states Defendants only allow legal mail sent to them by attorneys in cases against them.  (Doc. 9.)

## II.  INITIAL SCREENING

Mr. Blackwell is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  A

complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed

with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint

"that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That

is, a complaint must "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  A complaint's allegations must cross "the line from

conceivable to plausible."  *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's

allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

First, the Court must identify "the allegations in the complaint that are not entitled

to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are

4

not entitled to the assumption of truth if they are "merely consistent with liability,"
or "amount to nothing more than a 'formulaic recitation of the elements' of a
constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between
probability and the possibility of relief where the facts pled are merely consistent
with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a
"plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the
factual allegations, which are accepted as true, "allow[ ] the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at
678. This inquiry is "a context-specific task that requires the reviewing court to
draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).
If the factual allegations, which are accepted as true, "do not permit the court to
infer more than the mere possibility of misconduct, the complaint has alleged—but
it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing*
Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*
complaint, however inartfully pleaded, must be held to less stringent standards
than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94
(2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do

5

justice").

## III.  ANALYSIS

### A.  Denial of Access to the Courts

Under the First and Fourteenth Amendments to the Constitution, prisoners have a "fundamental constitutional right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  In addition, prison officials may not actively interfere with prisoners' right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1765 (2015).  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002).

For backward-looking claims, a plaintiff "must show:  1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (*citing Christopher*, 536 U.S. at 413-14), *overruled on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009).  The right is limited to bringing

6

complaints in direct criminal appeals, habeas petitions, and civil rights actions.
*Lewis*, 518 U.S. at 354.  It is not a right to discover such claims or to litigate them
effectively once filed with a court.  *Id.*

To have standing to bring this claim, a plaintiff must allege he suffered an
actual injury.  *Lewis*, 518 U.S. at 351-52; *Vandelft v. Moses*, 31 F.3d 794, 798 (9th
Cir. 1994).  In other words, he must have been denied the necessary tools to
litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of
confinement.  *Christopher*, 536 U.S. at 415 (*citing Lewis*, 518 U.S. at 353 & n.3);
Lewis, 518 U.S. at 354.  A plaintiff need not show that he would have been
successful on the merits of his claims, only that they were not frivolous.  *Allen v.
Sakai*, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994).  A claim "is frivolous where it
lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  The
Ninth Circuit has emphasized that,

> [a] prisoner need not show, ex post, that he would have been
> successful on the merits had his claim been considered. To hold
> otherwise would permit prison officials to substitute their judgment
> for the courts' and to interfere with a prisoner's right to court access
> on the chance that the prisoner's claim would eventually be deemed
> frivolous.

*Allen*, 48 F.3d at 1085.  To properly plead a denial of access to the courts claim,
"the complaint should state the underlying claim in accordance with Federal Rule

7

of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher*, 536 U.S. at 417-18 (footnote omitted).

In this case, Mr. Blackwell fails to state a denial of access to the courts claim because he fails to cite a specific incident wherein there has been an actual injury or interference with his ability to access the court as a result of any of Defendants' conduct.

Further, Mr. Blackwell's allegations are confusing.  He states, "Defendants only allow legal mail sent to them at attornies [sic] in cases against them."  (Doc. 12 at 4.)  The Court is unclear whether this means that Mr. Blackwell is not being allowed to send or receive legal mail.  The Clerk of Court will be directed to send Mr. Blackwell a copy of the docket and Mr. Blackwell should confirm that he has received all mailings from the Clerk of Court's Office.  If Mr. Blackwell is not being allowed to send or receive legal mail, he should advise the Court as such. The Court does note, however, that Mr. Blackwell appears to be receiving Court mailings and has responded to them appropriately.  (See Disclosure Stmt, Doc. 14; Notice of Consent, Doc. 15.)

### B.  Housing State Inmates with Federal Inmates/Failure to Protect

Even if there is a Bureau of Prisons policy which prohibits the housing of

state inmates with federal inmates, that is insufficient to state a violation of the

United States Constitution.  There is no constitutional right which prohibits such

housing.  Further, Mr. Blackwell has failed to allege any facts showing that this

policy caused him any injury.  He does allege that he was attacked by a state

inmate but does not allege any facts that the cause of the attack was this policy.

In addition, Mr. Blackwell provides no facts to suggest that any Defendant

was aware of and disregarded an excessive risk to his safety.  *See Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable

under the Eighth Amendment for [failing to protect an inmate] unless the official

knows of and disregards an excessive risk to inmate health or safety.").

### C.  Cascade County Correctional Facility

Mr. Blackwell names the Cascade County Correctional Facility as a

Defendant but the Cascade County Correctional Facility is not an entity capable of

being sued.  In Montana, a detention center is defined as "a facility established and

maintained by an appropriate entity for the purpose of confining arrested persons

or persons sentenced to the detention center."  Mont.Code Ann. § 7–32–2120.  A

detention facility is merely a building that cannot be sued.  *Barnes v. Missoula*

*County Detention Facility*, 2008 WL 5412448 (D.Mont. 2008).  The Detention

Center will be recommended for dismissal.

9

### D.  Remaining Claims

The Court has considered whether Mr. Blackwell's remaining claims are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also considered whether Mr. Blackwell has a reasonable opportunity to prevail on the merits.  *See* 42 U.S.C. § 1997e(g).  Dismissal is not appropriate at this time. Defendants must respond to Mr. Blackwell's conditions of confinement claims including overcrowding, lack of heat, exposure to communicable diseases and black mold.  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Based on the foregoing, the Court issues the following:

### ORDER

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Cascade County, Sheriff Bob Edwards, and Commander O'Fallon to waive service

of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

2.  The Clerk of Court shall forward the documents listed below to:

| | |
|---|---|
| Joshua Racki | Commander O'Fallon, Sheriff Bob Edwards, |
| Cascade County Attorney | Cascade County Detention Center |
| 121 4th Street North #2A | 3800 Ulm North Frontage Road |
| Great Falls, MT 59401 | Great Falls, MT 59404 |

* Complaint (Doc. 2);
* Supplement re: Complaint (Doc. 9);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Mr. Blackwell <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6.  At all times during the pendency of this action, Mr. Blackwell must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

7.  The Clerk of Court is directed to provide Mr. Blackwell with a copy of the Court's docket.

Further, the Court issues the following:

### RECOMMENDATIONS

1.  Mr. Blackwell's claims of failure to protect, denial of access to the courts, and claims regarding housing state prisoners with federal prisoners should

be DISMISSED WITHOUT PREJUDICE.

2. Cascade County Correctional Facility should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Blackwell may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 3rd day of August, 2018.


    */s/ John Johnston*
    John Johnston
    United States Magistrate Judge


_____

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Blackwell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN BLACKWELL, | CV-18-00013-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| CASCADE COUNTY, SHERIFF BOB EDWARDS, CASCADE COUNTY CORRECTIONAL FACILITY, and COMMANDER O'FALLEN, | |
| Defendants. | |

To:

Joshua Racki                               Sheriff Bob Edwards and Commander O'Fallon
Cascade County Attorney            Cascade County Detention Center
121 4th Street North #2A              3800 Ulm North Frontage Road
Great Falls, MT 59401                  Great Falls, MT 59404

A lawsuit has been filed against you or individuals you may represent in this Court under the number shown above.  A copy of the Complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Defendants had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the claims of Mr. Bennett contained in the Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and Complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 3rd day of August, 2018.


   */s/ John Johnston*
John Johnston
United States Magistrate Judge

2

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN BLACKWELL, | CV-18-00013-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver of the Service of Summons |
| CASCADE COUNTY, SHERIFF BOB EDWARDS, CASCADE COUNTY CORRECTIONAL FACILITY, and COMMANDER O'FALLEN, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

        The following Defendants acknowledge receipt of the request to waive service of summons in this case.  Defendants also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____,        _____,

_____,        _____,

_____,        _____,

1

_____,        _____,

_____,        _____,

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2